UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO NOEL LOBO CASTRO (A-Number: 205-612-081),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | Case No. 1:26-cv-5846-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Mario Noel Lobo Castro was detained by ICE upon his completion of a prison sentence. He has been in immigration custody for almost three months. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention without a bond hearing violates the Fifth Amendment. For the following reasons, I recommend that the petition be granted and that a bond hearing be ordered.

**Background**

Petitioner is a noncitizen who entered the United States without inspection at an unknown time. ECF No. 7-1 at 1. On October 17, 2014, immigration authorities approved a non-immigrant visa for petitioner, which was valid until September 30, 2018.[1] *Id.* at 4; ECF No. 7-2

[1] It is unclear from the government's Form I-213 which nonimmigrant visa petitioner received.

at 4. On January 29, 2020, immigration authorities denied petitioner's application to adjust status as a permanent resident. ECF No. 7-1 at 4.

Beginning in 2021, petitioner was convicted of several crimes, including felony evading a peace officer, felony second degree burglary, hit and run with property damage, driving under the influence, carrying a concealed dirk or dagger, and, in June 2025, possession of a controlled substance with a firearm. *Id.* at 3; ECF No. 7-3. ICE found petitioner in state prison and identified him as a potentially removable noncitizen. ECF No. 7-1 at 2. On June 11, 2026, ICE officers took custody of petitioner upon his release from state criminal custody. *Id.* The Department of Homeland Security ("DHS") issued petitioner a notice to appear ("NTA") charging him with removability based on his failure to maintain his nonimmigrant status. ECF No. 7-2 at 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention without a bond hearing violates due process. ECF No. 1 at 14. In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). Respondent argues that petitioner's detention is

mandatory under 8 U.S.C. § 1226(c) because he has been convicted of offenses "covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." ECF No. 7 at 3. Respondent lists petitioner's prior convictions—"hit and run, burglary, DUI, possession of a controlled substance with a firearm, carrying a concealed weapon"—but does not analyze which of these prior convictions qualifies as an aggravated felony. *Id.* Rather than explain which prior conviction qualifies petitioner for mandatory detention, respondent argues that any challenge to detention under section 1226(c) must be made in immigration court. *Id.*

This basis for detention, however, is flawed for two main reasons. First, prior to any arrest, the government must be prepared to state the basis for detention. For the first time before this court, the government is raising section 1226(c) as the basis for petitioner's detention, without any agency records supporting this claim. Petitioner is not charged in the notice to appear with removability based on conviction of an aggravated felony. *See* ECF No. 7-2 at 1. Rather, DHS charged petitioner with failing to maintain the conditions of his non-immigrant status. *Id.*; *see also* ECF No. 7-1 at 2, 4. Respondent also does not point to any agency records that demonstrate that petitioner was subject to mandatory detention under section 1226(c).[2]

As other courts have noted, this *post hoc* rationalization by the government is an insufficient justification for detention. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority); *see also Julio Cesar*, 2026 WL 2139762 at *4 (discussing government's attempt to provide an alternative ground for detention under section 1226(c) for the first time); *Zuniga Cruz v. Noem*, No. 1:26-cv-1818-DC-EFB, 2026 WL 890471, at *2-3 (E.D. Cal. Apr. 1, 2026) (discussing different procedures for § 1225 and § 1226 detentions); *Martinez-Aguiana v. Mullin*, No. 3:26-cv-0561-RFB-CSD, 2026 WL 2212521, at *2 (D. Nev. July 31, 2026) (noting concession by immigration authorities that

[2] Respondent's exhaustion and *Matter of Joseph* hearing argument also collapses because the government did not put petitioner on notice that it considers him subject to mandatory detention under section 1226(c) until its filing in this case, almost three months after detaining him. *See Julio Cesar v. Chestnut, et al.,* No. 1:26-cv-04775-MWJS, 2026 WL 2139762 (E.D. Cal. July 24, 2026) (waiving exhaustion requirement when immigration authorities did not classify petitioner subject to section 1226(c)).

they do not follow section 1226 procedures for noncitizens arrested in the interior of the United States under section 1225(b)).

Even if the court were to accept 8 U.S.C. § 1226(c) as a basis for detention, the NTA does not charge petitioner with an aggravated felony. *See* ECF No. 7-2 at 1. Rather, petitioner is charged with being removable after lawful admission because he "failed to maintain [his] status, to with [sic] the conditions of the nonimmigrant status under which [he was] admitted" under 8 U.S.C. § 1227(a)(1)(C)(i). *Id.* The NTA must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law." 8 U.S.C. § 1229(a)(1). In *In re Kotliar*, 24 I&N Dec. 124, 127 (March 21, 2007), the BIA emphasized the importance of including in the NTA any ground for removal that "subjects [a noncitizen] to mandatory detention." This is because the "charging document serves as notice to the alien of the circumstances relied on by the DHS to detain him." *Id.*; *see also Colmenares-Pinto v. Warden of the Golden State Annex ICE Det. Fac.*, No. 1:26-cv-0812-DAD-SCR, 2026 WL 923804, at *5 (E.D. Cal. Apr. 3, 2026) ("The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered under 8 U.S.C. § 1182(a)(2) as a prerequisite to mandatory detention under that provision."), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026); *Miao v. Chestnut*, No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026) (rejecting the respondent's mandatory detention argument because grounds where not charged in NTA). Therefore, I conclude that petitioner is not lawfully detained under section 1226(c), and his detention is not mandated by that statute.

Petitioner alleges that he has not been provided a bond hearing, and that the failure to provide him a bond hearing violates due process. ECF No. 1 at 4, 14. It appears that ICE arrested petitioner with a warrant under that section. ECF No. 7-1 at 11. As petitioner would be entitled to a bond hearing based on the allegations in his NTA, *see* ECF No. 7-2. I recommend that the government be ordered to provide him one.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Within seven days of this order, petitioner (A-Number: 205-612-081) be provided a bond hearing before a neutral adjudicator pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. Within 24 hours of the filing of the court's order, respondent shall personally serve petitioner with this order and file proof of such service on the docket.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE