UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO NOEL LOBO CASTRO (A-205-612-081),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-05846-DC-JDP (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 8, 10, 11)

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 17, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 8.) Neither party has filed objections.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and will adopt the findings and recommendation that the petition be granted but will not adopt the recommendation that Petitioner be provided with a bond hearing as a remedy.

The undersigned finds that the reasoning in *Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD (HC), 2026 WL 2949219, at *2 (E.D. Cal. Oct. 1, 2026) is applicable to this case and supports immediate release as a remedy. Petitioner entered the United States pursuant to a nonimmigrant status, submitted an application with the United States Citizenship and Immigration Services which was denied in 2020, and was detained without notice or a pre-deprivation bond hearing in June 2026 for failing to maintain his nonimmigrant status. (Doc. No. 7-1.)[1] Thus, for the reasons articulated in *Oliveira Tinoco*, the undersigned finds that Petitioner's right to due process was violated when he was detained without notice and a pre-deprivation bond hearing. *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as this court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly, IT IS HEREBY ORDERED that:

1. The court ADOPTS IN PART the findings and recommendations filed September 17, 2026 (Doc. No. 8);

2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

---

[1] There are concerning inconsistencies within the Form I-213 that Respondents attach and cite to, and between the Form I-213 and Respondents' claims. (*See* Doc. Nos. 7, 7-1.) For example, citing to the Form I-213, Respondents assert that Petitioner entered the United States at an unknown time and without being inspected, admitted, or paroled. (Doc. No. 7 at 1.) The Form I-213 supports this statement. (Doc. No. 7-1 at 1, 3–4.) However, the Form I-213 also directly contradicts this statement by twice indicating that Petitioner is being charged as inadmissible for failing to maintain the nonimmigrant status under which he was admitted to the country. (*Id.* at 2, 4.) Inconsistencies and errors in the Form I-213 are "particularly troubling as it appears Respondents . . . rely[] on the information contained" therein to defend the factual and legal bases for depriving noncitizens of their liberty. *See Oliveira Tinoco*, 2026 WL 2942919, at *2 n.3 (noting troubling errors in the Form I-213 relied upon by the government); *Velasquez Leon v. U.S. Att'y Gen./ICE*, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950, at *2 n.1 (E.D. Cal. Oct. 5, 2026) (same); *Querino Dos Santos v. Warden*, No. 1:26-cv-7405-DC-AC, 2026 WL 3000526, at *2 n.2 (E.D. Cal. Oct. 6, 2026) (same); *Lara Agramonte v. Central Valley Annex*, No. 1:26-cv-7499-DC-JDP, 2026 WL 3034261, at *1 n.1 (E.D. Cal. Oct. 9, 2026) (same); *Palmer v. Warden, Cal. City Imm. Processing Ctr.*, No. 1:26-cv-06738-DC-SCR, 2026 WL 3120964, at *2 n.2 (E.D. Cal. Oct. 19, 2026) (same).

a. Petitioner Mario Noel Lobo Castro (A-205-612-081) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his current immigration detention. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. Petitioner's pending motions (Doc. Nos. 10, 11) are DENIED as having been rendered moot by this order;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

/////

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 29, 2026**

Dena Coggins
United States District Judge